**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE:  THE HONORABLE CLAIRE R. KELLY, JUDGE

| | |
|---|---|
| JA SOLAR VIETNAM CO. Ltd., *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Consol. Court No. 25-00157 |
| v. | ) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant, | ) |
| | ) |
| AMERICAN ALLIANCE FOR SOLAR | ) |
| MANUFACTURING TRADE COMMITTEE, | ) |
| | ) |
| Defendant-Intervenor. | ) |

## <u>ORDER</u>

On consideration of defendant's consent motion for enlargement of time, it is hereby

ORDERED that the motion is granted, and it is further

ORDERED that the following schedule is adopted:

| <u>FILING</u> | <u>DEADLINE</u> |
|---|---|
| Defendant's Response Brief | July 30, 2026 |
| Defendant-Intervenor's Response Brief | August 20, 2026 |
| Reply Briefs | September 21, 2026 |
| Joint Appendix | October 5, 2026 |
| Motion for Oral Argument | October 12, 2026 |

Dated:_____

New York, NY

_____

JUDGE

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE:  THE HONORABLE CLAIRE R. KELLY, JUDGE

| | | |
|---|---|---|
| JA SOLAR VIETNAM CO. Ltd., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Consol. Court No. 25-00157 |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| AMERICAN ALLIANCE FOR SOLAR MANUFACTURING TRADE COMMITTEE, | ) ) | |
| | ) | |
| Defendant-Intervenor. | ) | |

**DEFENDANT'S CONSENT MOTION FOR ENLARGEMENT OF TIME TO FILE RESPONSE TO MOTION FOR JUDGMENT ON THE AGENCY RECORD**

Pursuant to Rules 6(b) and 7(b) of the Rules of this Court, defendant, the United States, respectfully requests that the Court grant defendant a 36-day extension of time, through and including July 30, 2026, to file its response to the motions for judgment on the agency record filed by plaintiffs, consolidated plaintiffs, and plaintiff-intervenor, as well as adjust the remaining deadlines in this case pursuant to our proposed order.  Our response brief is presently due on June 24, 2026.  We have not previously requested an extension of time for this purpose. On June 12, 2026, Bryan Cenko, counsel for plaintiffs JA Solar Vietnam Company Limited, *et al.*, Jordan Kahn, counsel for consolidated plaintiffs Jinko Solar (Vietnam) Industries Company Limited, *et al.*, Alexandra Salzman, counsel for consolidated plaintiff Boviet Solar Technology Co., Ltd., Kensie Sugama, counsel for plaintiff-intervenor Trina Solar Energy Development Co. Ltd., and Stephen Morrison, counsel for defendant-intervenor American Alliance for Solar Manufacturing Trade Committee, all represented their consent to this motion.

When a motion is made prior to a filing deadline, the Court may, for good cause, extend the time within which a party must act.  USCIT Rule 6(b)(1)(A); *see also* USCIT Rule 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").  Good cause requires the moving party to show that the deadline for which an extension is sought cannot reasonably be met despite the movant's diligent efforts to comply with the schedule.  *See High Point Design LLC v. Buyers Direct, Inc.*, 730 F.3d 1301, 1319 (Fed. Cir. 2013) (discussing "good cause" in the context of Federal Rule of Civil Procedure 16(b)); *United States v. Horizon Prods. Int'l, Inc.*, 34 F. Supp. 3d 1365, 1367 (2014) (diligence is the "primary consideration" under the general good cause standard applicable to USCIT Rules 6(b) and 16(b)).

Good cause exists for our requested extension of time.  Numerous work-related matters have prevented or will prevent undersigned counsel from devoting sufficient attention to the brief by the current due date, including, but not limited to: (1) preparation for and presentation of oral argument before the Court of Appeals for the Federal Circuit on March 5, 2026, in *Yurk v. Collins*, No. 2024-2023 (Fed. Cir.); (2) a formal response brief filed March 18, 2026, in *Wiggins v. Collins*, No. 2026-1053 (Fed. Cir.); (3) a combined response to motion for summary judgment filed April 3, 2026, in *State of Oregon v. Trump*, No. 26-01472 (Ct. Int'l Trade), and *Burlap and Barrel, Inc. v. Trump*, No. 26-01606 (Ct. Int'l Trade); (4) answers also filed April 3, 2026, in *Oregon* and *Burlap and Barrel*; (5) a written response to the Court's oral argument questions filed April 1, 2026, in *USW v. United States*, No. 25-00004 (Ct. Int'l Trade); (6) a written response to the Court's oral argument questions filed April 2, 2026, in *Bridgestone Americas Tire Operations, LLC v. United States*, No. 24-00263 (Ct. Int'l Trade); (7) preparation for and presentation of oral argument on April 8, 2026, in *USW*; (8) preparation for and presentation of oral argument on April 9, 2026, in *Bridgestone*; (9) assisting in preparation for and attendance at

2

oral argument on April 10, 2026, in *Oregon* and *Burlap and Barrel*; (10) initial disclosures served April 15, 2026, in *Da Vinci Aircraft, Inc. v. United States*, No. 22-576 (Fed. Cl.); (11) post-argument briefs filed April 20, 2026, in *USW* and *Bridgestone*; (12) responsive remand comments filed April 22, 2026, in *La Molisana S.p.A. v. United States*, No. 21-00291 (Ct. Int'l Trade); (13) a bid protest administrative record filed May 8, 2026, in *E.C. Korneffel Co. v. United States*, No. 26-248 (Fed. Cl.); (14) preparation for and presentation of oral argument before the Federal Circuit on May 11, 2026, in *Dover v. Collins*, No. 2024-2146 (Fed. Cir.); (15) responsive remand comments filed May 14, 2026, in *Wind Tower Trade Coalition v. United States*, No. 24-00070 (Ct. Int'l Trade); (16) a response to motion for reconsideration filed May 18, 2026, in *Tianjin Magnesium Int'l Co., Ltd. v. United States*, No. 25-00002 (Ct. Int'l Trade); (17) a formal response brief filed May 26, 2026, in *Gilbert v. Collins* No. 2024-2146 (Fed. Cir.); (18) a motion for voluntary remand—requiring extensive consultation and coordination with the other parties and the Department of Commerce—filed June 9, 2026, in *Xiamen Dalle New Energy Automobile Co., Ltd. v. United States*, No. 25-002025 (Ct. Int'l Trade); (19) responsive remand comments filed June 12, 2026, in *Wabtec Corp. v. United States*, Nos. 23-00160, 23-00161 (Ct. Int'l Trade); (20) responsive remand comments due June 17, 2026, in *Comm. Overseeing Action for Lumber Int'l Trade Investigations or Negots. v. United States*, No. 19-00122 (Ct. Int'l Trade); and (21) heavy ongoing discovery, including four document productions totaling over 135,000 pages in *Martin Brothers Construction v. United States*, No. 24-1118 (Fed. Cl.).  In addition, undersigned counsel was on pre-planned annual leave from April 23, 2026, through May 4, 2026, and unable to work on the brief during that time.

Accordingly, counsel will need additional time to prepare the brief, confer with counsel from the Department of Commerce, and complete the internal review process at the Department

of Justice.

For these reasons, we respectfully request that the Court grant this request for a 36-day

extension of time, to and including July 30, 2026, to file its response to plaintiffs' motions for

judgment on the agency record and adjust the remaining deadlines as set forth in the proposed

order.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

FRANKLIN E. WHITE, JR.
Assistant Director

/s/ Sosun Bae
SOSUN BAE
Senior Trial Counsel
Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480, Ben Franklin Station
Washington, D.C. 20044
Tel.:  (202) 305-768
Fax:  (202) 353-0461
Email:  sosun.bae@usdoj.gov

June 15, 2026                                            Attorneys for Defendant United States

4